UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID GREGG LAMERE,

   Plaintiff,

v.

   Case No. 2:17-cv-93
   HON. TIMOTHY P. GREELEY

COMMISSIONER OF SOCIAL
SECURITY,

   Defendant.
_____/

## **OPINION**

   This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). Plaintiff David Gregg LaMere seeks review of the Commissioner's decision denying his claim for disability insurance benefits (DIB) under the Social Security Act. Plaintiff filed an initial brief on January 4, 2018. (ECF No. 22). The Commissioner filed a response brief on March 1, 2018. (ECF No. 24). Plaintiff filed a reply brief on March 15, 2018. (ECF No. 26). Both parties consented to proceed before a Magistrate Judge. (ECF No. 11). This matter is ready for decision.

   Plaintiff was born in 1974. (PageID.535). He has two years of education beyond high school and was honorably discharged from the Navy in 1994. (PageID.535-536). He has past work experience as a janitor and a construction worker. (PageID.229-230). Plaintiff suffers from chronic back pain and various mental health impairments. He first filed an application for DIB on July 7, 2004. (PageID.249). In a decision issued on August 23, 2006, Administrative Law Judge

(ALJ) Robert L. Bartelt, Jr. determined that Plaintiff was disabled beginning on June 10, 2004, but that the disability ended on August 12, 2005. (PageID.259). Plaintiff did not appeal this decision.

On June 5, 2008, Plaintiff filed a second application for DIB, alleging the same onset date as the onset date in his first application—June 10, 2004. (PageID.261, 535). Plaintiff later amended the onset date to August 12, 2005. (PageID.602). That application was initially denied on July 30, 2008. (PageID.313). Plaintiff subsequently requested a hearing, and ALJ Timothy J. Malloy held a hearing on September 21, 2010. (PageID.70-127). At this hearing, Plaintiff was represented by Attorney Jennifer Rizk. (PageID.73). On November 24, 2010, ALJ Malloy issued a decision finding that Plaintiff was not disabled. (PageID.265-274). After Plaintiff appealed, the Appeals Council vacated the decision and remanded it back to an ALJ to further assess Plaintiff's mental impairments, obtain evidence from a medical expert to clarify Plaintiff's mental impairments, and correct other procedural errors. (PageID.280-282). The case was reassigned to ALJ Brent C. Bedwell, and a second hearing was held on May 10, 2013. (PageID.128-160). At this hearing, Plaintiff was represented by Attorney Evan Klug. (PageID.130). On August 7, 2013, ALJ Bedwell issued a decision finding that Plaintiff was not disabled. (PageID.287-300). Plaintiff appealed, and for a second time, the Appeals Council vacated the decision and remanded it back to an ALJ to further consider Plaintiff's RFC and reevaluate the opinion of treating physician C.L. Holmes. (PageID.307-309).

The case was then reassigned to ALJ Patrick J. Toal. On November 13, 2014, ALJ Toal held a third hearing in which Plaintiff was represented by Attorney Patrick Hill. (PageID.169-244). At this hearing, Dr. Richard Hutson, an orthopedic specialist, and Dr. Demetri Dres, a mental health specialist, testified as medical experts. Following this hearing, ALJ Toal held two additional hearings with Plaintiff concerning the administrative record and his decision to fire his attorneys.

(PageID.3518-3581). On January 28, 2016, ALJ Toal issue a decision finding that the Plaintiff was not disabled. (PageID.43-60). This decision became the Commissioner's final decision on March 21, 2017, when the Appeals Council denied Plaintiff's request for review. (PageID.28-30).

"Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Winslow v. Comm'r of Soc. Sec.*, 566 F. App'x 418, 420 (6th Cir. 2014) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)); *see also* 42 U.S.C. § 405(g). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *see also Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and the Commissioner's findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is defined as more than a mere scintilla of evidence but "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Jones v. Sec'y of Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever evidence in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply

because the evidence would have supported a contrary decision. *See Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *Mullen*, 800 F.2d at 545.

The ALJ must employ a five-step sequential analysis to determine whether the claimant is disabled as defined by the Social Security Act. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f); *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). At step one, the ALJ determines whether the claimant can still perform substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant's impairments are considered "severe." 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ determines whether the claimant's impairments meet or equal a listing in 20 C.F.R. part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). At step four, the ALJ determines whether the claimant has the residual functional capacity ("RFC") to still perform past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). At step five, after considering the claimant's residual functional capacity, age, education, and work experience, the ALJ determines whether a significant number of other jobs exist in the national economy that the claimant can perform. 20 C.F.R. § 404.1520(a)(4)(v). If the ALJ determines Plaintiff is not disabled under any step, the analysis ceases and Plaintiff is declared as such. 20 C.F.R § 404.1520(a). If the ALJ can make a dispositive finding at any point in the review, no further finding is required. 20 C.F.R. § 404.1520(a).

Plaintiff has the burden of proving the existence and severity of limitations caused by his impairments and that he is precluded from performing past relevant work through step four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

Here, the ALJ determined that Plaintiff's claim failed at step five of the analysis. He first found at step one that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of August 12, 2005 through his date last insured of December 31, 2010. At step two, the ALJ determined that Plaintiff had the following severe impairments—"degenerative disk disease of the lumbar spine status post fusion and revision; psychotic disorder; affective disorders (depressive disorder with mid pain syndrome; mood disorder due to medical condition and chronic pain; and a major depressive disorder; personality disorders (personality disorder with paranoid personality traits and dissociative disorder); and cannabis abuse." (PageID.46). At step three, the ALJ concluded that Plaintiff did not have an impairment or a combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Part 404. Subpart P, Appendix 1.

With respect to Plaintiff's RFC, the ALJ found that Plaintiff could perform sedentary work with the following limitations:

> [H]e required the ability to alternate between sitting and standing for five minutes every hour in a position involving no more than occasional postural activities; no climbing of ladders, ropes, and scaffolding; and avoided concentrated exposure to extreme cold, wetness, humidity and vibration, as well as all exposure to hazards. He was further limited to being unable to maintain the attention or concentration necessary to perform detailed or complex tasks (meaning he was restricted to simple, routine, repetitive low stress tasks involving few job changes, as well as limited problem solving or decision making) in a position involving no more than occasional interaction with coworkers and supervisors, no face-to-face interaction with the public; and no performance of team tasks.

(PageID.49.)

The ALJ then found that Plaintiff was unable to perform past relevant work. However, the ALJ found that a person with the same age, education, work experience, and residual functional capacity as Plaintiff could perform several jobs that existed in significant numbers in

the national economy, such as "telephone answering service [operator] (1,700 jobs in Michigan and 118,000 nationally); order clerk (420 and 20,000); or reservation clerk (1,400 and 15,000)." (PageID.60).

Plaintiff advances four arguments in support of reversing the Commissioner's decision: (1) the ALJ erred when evaluating medical opinions; (2) the ALJ erred when failing to explain the weight given to Plaintiff's apparent 100% VA disability rating; (3) the ALJ's RFC assessment is not supported by substantial evidence; and (4) the ALJ's analysis of Plaintiff's subjective symptoms was legally insufficient. The Court will only address Plaintiff's third argument, as that argument is cause for remand.[1]

Plaintiff argues that the ALJ's RFC assessment is not supported by substantial evidence because the ALJ did not adequately explain the limitation of no face-to-face contact with the public. In his opinion, the ALJ gave "great weight" to the medical opinion of Dr. Demetri Dres. Dr. Dres is a mental health specialist who testified at the November 2014 hearing. According to the ALJ's opinion, Dr. Dres "asserted [Plaintiff] remained capable of performing work within the restrictions set forth herein." Thus, the ALJ implies that Dr. Dres asserted that Plaintiff could have interaction with the public that is not face-to-face, such as by telephone.

At the hearing, Dr. Dres stated that Plaintiff suffered from psychotic disorder; depressive disorder with mixed pain syndrome; mood disorder due to medical condition; major depressive disorder; personality disorder with paranoid personality traits; dissociate disorder; and cannabis abuse. (PageID.218). When asked about public interaction, Dr. Dres stated, "The likelihood is best there could be more demand itself and uneasy around others that they're kind of

---

[1] The Court notes that the majority of Plaintiff's arguments concern Plaintiff's back condition. However, at the 2014 hearing, Plaintiff testified that his mental health condition is the primary condition interfering with his ability to work. (PageID.208).

familiar with, and also patrons, they present themselves -- it's usually -- imagine some variable from being polite to being at times irritated --." (PageID.225). The ALJ then interrupted Dr. Dres and asked, "Would you go so far as to say a limitation to avoid contact with the public would be appropriate?" (PageID.225). Dr. Dres responded, "Yes, your honor." Shortly thereafter, the ALJ asked the vocational expert a hypothetical that included the following limitation— "need to avoid contact with public." (PageID.232). However, when asked for clarification by the vocational expert, the ALJ stated that this limitation is only a limitation on face-to-face interaction with the public. (PageID.233). This slight alteration is material because, as the vocational expert testified, if the hypothetical included a limitation on both face-to-face and telephone interaction with the public, there would be no jobs that exist in the national economy. (PageID.237). The ALJ recognized the importance of this issue at the hearing and further questioned the vocational expert. (PageID.238-241). In fact, the ALJ stated that he was "puzzled" that there were no sedentary jobs available if the hypothetical included a limitation on telephone interaction with the public. (PageID.239). The ALJ continued to ask the vocational expert about several other potential jobs, but the vocational expert confirmed that none of the jobs would fall within the hypothetical.

Despite the importance of this issue during the hearing, the ALJ did not address this issue in his decision. "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184, at *7. Furthermore, the ALJ always must build an "accurate and logical bridge" from the evidence to his conclusions. *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (internal quotations omitted). The ALJ failed to do so here as he failed to adequately explain why he departed from the limitations opined by Dr. Dres. The Court "may not uphold an ALJ's decision, even if there is enough evidence in the record to support it, if the decision fails to provide an accurate and logical

bridge between the evidence and the result." *Pollaccia v. Comm'r of Soc. Sec.*, 2011 WL 281044 (E.D. Mich. Jan. 6, 2011); *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004) (an appellate record must "permit meaningful review" of the ALJ's application of the rules).

The Commissioner argues that the ALJ's RFC assessment is not inherently inconsistent with Dr. Dres's opinion. But the ALJ's RFC assessment is inconsistent with Dr. Dres's opinion. Dr. Dres confirmed that "a limitation to avoid contact with the public would be appropriate." The ALJ included this limitation in his first hypothetical. He later clarified that this limitation should include only face-to-face interaction with the public. Dr. Dres never limited his opinion to face-to-face interaction. Although Dr. Dres mentioned being "uneasy around others," he also stated that "there would be significant limitations with simple questions," (PageID.224), and "an ability to maintain socially appropriate behavior [inaudible] would be kind of significantly limited." (PageID.225). A review of the entire hearing transcript does not suggest that Dr. Dres intended to limit his opinion to face-to-face interaction with the public.

The Commissioner also argues that even if the RFC was inconsistent with Dr. Dres's opinion, the ALJ was not required to adopt Dr. Dres's opinion and the ALJ explained, albeit at step 3, why Plaintiff was capable of "public interaction that does not require face-to-face interaction on a regular basis." To support this argument, the Commissioner states that the ALJ offered several examples of Plaintiff interacting with the public, such as attending church services, volunteering with the youth ministry, and attending a course to become a tax assessor. But none of these activities include telephone interaction with the general public. If anything, these activities would tend to show that Plaintiff may be capable of face-to-face interaction.

Because the ALJ did not correctly apply the applicable legal standards and because the ALJ's reasoning did not build an accurate and logical bridge between the evidence and the

results of his decision, the final decision of the Commissioner is VACATED and the case is REMANDED for further proceedings consistent with this opinion.

Dated: September 20, 2018

                                                 /s/ Timothy P. Greeley  
                                                TIMOTHY P. GREELEY  
                                                UNITED STATES MAGISTRATE JUDGE